William J. Regan, S.
This is an adoption proceeding where the natural mother of the child to be adopted and her present husband seek to adopt the child of her prior marriage.
*94 Petitioners have requested this court to dispense with the consent of the natural father who has appeared herein and opposed the approval of the instant application. Petitioners contend that the consent of the natural father is not required by virtue of his abandonment of said child pursuant to section 111 of the Domestic Relations Law, which provides "consent [to adoption] shall not be required of the parent who has abandoned the child”. Section 111 was amended by the Legislature in 1975 (L 1975, ch 704, § 3) by adding the following words: "For the purpose of this section, evidence of insubstantial and infrequent contacts by a parent with his or her child shall not, of itself, be sufficient as a matter of law to preclude a finding that such parent has abandoned such child.”
The record discloses that the petitioning natural mother married the natural father on December 13, 1969, and that said marriage was terminated by a divorce obtained by the natural mother on October 31, 1974. The decree of divorce awarded the custody of the child to the natural mother and provided reasonable rights of visitation to the husband and ordered the payment of support for said child on a weekly basis subject to modification thereof by Family Court. A hearing was conducted by this court on November 3, 1975, in order to determine whether or not the consent of the natural father is to be waived by virtue of his abandonment. The testimony elicited at this hearing indicated that respondent and the petitioning natural mother appeared several times in the Family Court in and for the County of Erie concerning the matters of support and visitation. The respondent testified that the petitioner natural mother denied him his right of visitation during said period of separation and generally frustrated his attempts to visit, see or contact his child. It appears that the respondent was told that he could have visitation rights only if he paid up his support arrears. The respondent was unable, due to his financial circumstances, to make said payment, and therefore was unable to visit his child. The respondent introduced into evidence several orders of the Family Court, together with numerous copies of money orders which were forwarded to the Probation Department representing support payments for the child sought to be adopted.
This court is satisfied from the testimony of all parties that the animosity between the natural mother and respondent, characterized by several court appearances in Family Court, unreasonable demands upon the respondent for the payment *95 of support arrears, was the major factor for the lack of contact by the respondent with his child. It also appears from the testimony that the respondent has attempted to faithfully comply with the divorce decree and the court orders of Family Court with respect to the terms thereof. The court, after reviewing the evidence, believes that the respondent, by virtue of the conduct of the petitioning natural mother, was dissuaded and frustrated from visiting or contacting his son. The demands made upon him were unreasonable.
This court is not persuaded that the basic criteria for the establishment of abandonment as enunciated in Matter of Susan W. v Talbot G. (34 NY2d 76, 80) is vitiated by the statute wherein it was held: "even where the flame of parental interest is reduced to a flicker, the courts may not properly intervene to dissolve the parentage * * * [t]hus, abandonment can be made out only from 'a settled purpose to be rid of all parental obligation and to forego all parental rights’ ”.
The court finds that no settled purpose to abandon the child was proven nor inferred from the testimony elicited at the trial of this matter. The respondent attempted on several occasions to contact and visit the child, but was prohibited from doing so only by the action of the petitioning natural mother.
The burden of establishing abandonment by the respondent falls upon the petitioners. The court determines that the petitioners have not sustained their burden and that the abandonment has not occurred on the part of the respondent. The courts have held that a finding of abandonment against a parent may be made only after the parent has been given the benefit of every controverted fact.
It is accordingly the decision of this court that the respondent has not in fact abandoned the child to be adopted and that his consent to this adoption is required and, in view of his objection, the adoption is denied on the law and the facts.
Submit order.